## SHARPE ET ALS. *vs.* HUNTER.

1. If an attachment, sued out in a case in which *just* grounds for it exist, is abated, on plea, for a defect in the affidavit, the party against whom it is issued, in a suit upon the bond, is not entitled to recover the *actual* damages he has sustained.

2. Can *nominal* damages be recovered in such a case?—QUERE.

Error to the Circuit Court of Russell. Tried before the Hon. J. J. Woodward.

THIS was an action of debt instituted by the defendant against the plaintiffs in error on an attachment bond. It appears by the bill of exceptions that in 1846, the plaintiff in error, Sharpe, sued out an attachment against the defendant in error, and caused it to be levied on a negro woman and child, who were committed to jail and there confined for eight months; that at the time of the suing out of said attachment both the parties to it resided in the State of Georgia, and that the affidavit was defective in not stating that the defendant had not sufficient property within the State of his residence wherefrom to satisfy the debt or demand, in consequence of which a plea in abatement was interposed and the attachment quashed; that the defendant subsequently removed to Russell county in this State, where the plaintiff in error, Sharpe, sued him and recovered judgment on the same demand upon which the attachment had been sued out; and that at the time the attachment issued the defendant in error had some property, but whether it was sufficient to satisfy Sharpe's demand was a disputed question. The court charged the jury, that if they believed that Sharpe sued out an attachment against Hunter, which was abated on plea, then Hunter was entitled to recover the actual damages he had sustained. The defendants below asked the court to charge the jury that although the attachment of Sharpe had been abated, because the affidavit was defective, yet if they found that Hunter did not then have in the State of his residence sufficient property within the knowledge or belief of Sharpe to satisfy said debt, that then Sharpe could properly have taken the affidavit required by law, and his omission to take it and the consequent abatement of the attachment for that cause would only entitle the plaintiff to recover nominal damages, which charge the court refused to give. To the charge given and the refusal to charge as asked the defendants excepted and now assign them as error.

HEYDENFELDT, for the plaintiffs in error.

BELSER & HARRIS, for defendant.

CHILTON, J.—The point involved in this case is not free from difficulty. It is this: If just ground for an attachment exists, and one is sued out, but is afterwards abated, upon the

Sharpe et als. v. Hunter.

plea of the defendant, for informality in the affidavit upon which it issued, is the plaintiff in the attachment liable in damages upon his bond, and if so, whether for the actual damage sustained, or merely for nominal damages. The court below held that he was liable for the actual damage.

The condition of the bond declared on is, "that the plaintiff should prosecute his attachment to effect, and pay the defendant all such costs and damages as he may sustain by the wrongful or vexatious suing out the said attachment," &c.— This court has several times decided that actions upon the bond, given by the plaintiff in an attachment suit, must be governed by the same rules as are applicable to actions upon the case.—Hill v. Rushing, 4 Ala. Rep. 213; Herndon v. Forney, ib. 243. It has further been held, that if the attachment was wrongfully sued out, but without malice or intention to vex the defendant, that only the actual damage which the party sustained can be recovered; but if both wrongfully and maliciously issued, then vindictive damages may be recovered.— McCullough et al. v. Walton, 11 Ala. Rep. 492; Donnell v. Jones, 13 ib. 490–501.

What is meant by the term "wrongful," as used in the statute to which this bond conforms? Was it, as is contended for by the counsel for the defendant in error, designed to apply to defects in the form of the proceeding, on account of which the attachment should be quashed, as well as to the ground upon which it was to be issued? Or was the object of the framers of the act merely to provide a remedy against persons who should resort to this extraordinary remedy to the prejudice of another, without cause or sufficient ground therefor? It is to my mind perfectly clear, that the latter construction is the correct one. The act of 1837 (Clay's Dig. 61, § 32) provides, that when any original attachment shall have been wrongfully or vexatiously sued out, the defendant may at any time commence suit against the plaintiff suing out the same, and recover any damages which he may have sustained, or to which he may be entitled on account thereof, whether such attachment suit be ended or not. And by the same statute the defendant in the attachment is denied the privilege of putting in issue the grounds upon which it issued. These enactments are conclusive to show that the right to recover damages ex-

ists independent of the judgment to be rendered in the suit by attachment. The rights of the parties then, existing independent of the judgment, cannot be affected by it. But in this case, the judgment, in effect, is held conclusive upon them.— Assuming, what the evidence tended to prove, that good and sufficient ground for issuing the attachment existed, but which the affidavit informally set forth, it is perfectly clear that if an action had been instituted upon the bond before the judgment on the attachment had been rendered, it could not have been sustained, for the simple reason that the attachment was issued upon sufficient ground, and consequently was not wrongfully sued out. If then the action can be maintained after the judgment quashing the attachment, when it could not have been before, it would result that the failure to prosecute to effect the attachment, and not the want of sufficient ground for its issuance, constitutes the gravamen of the suit. But we have shown that this is opposed to both the letter and spirit of the act of 1837, and therefore the construction cannot be supported. Again: Suppose the defendant in the attachment had not availed himself of the informality of the affidavit, or had attempted to avail himself of it, but in some informal way, on account of which his objection proved ineffectual to quash it, and judgment had thereupon been rendered, it would hardly be contended that the action would lie against the plaintiff for this informality in the affidavit, when sufficient ground in fact existed for the issuance of the attachment. Yet its issuance was as wrongful in fact after judgment as before. This shows that the effect of the decision in the court below was to make the party's right to recover depend upon the judgment rendered in the attachment proceedings, and not upon the grounds which existed for its issuance.

We think that, by the wrongful suing out of the attachment, is meant, not the omissions, irregularities or informalities which the officer issuing the process may have committed in its issuance, but that the party resorted to it without sufficient ground. The case of Kirksey v. Jones, 7 Ala. Rep. 622, not only fully sustains this view, but goes quite beyond it. So far as it conforms to this construction of the statute, we fully approve of that decision.

Our conclusion is, that the charge of the court was erro-

neous, and that the charge asked by the defendant below was more favorable to the plaintiff than the court would have been justified in giving at his instance.

Let the judgment be reversed, and the cause remanded.