## WHITE *vs.* WYLEY.

1. In an action for wrongfully and vexatiously suing out an ancillary attachment, the costs incurred in defending the original suit constitute no part of the plaintiff's damages.

2. If the holder of a promissory note, after suing out a writ against the maker and procuring thereon a return of *non est*, under a mistake as to his legal rights sues out an attachment against the endorser, in an action for wrongfully and vexatiously suing out this latter process, the proceedings against the maker are admissible in evidence in mitigation of damages.

Error to the Circuit Court of Benton. Tried before the Hon. Geo. Goldthwaite.

THIS was an action of debt by the plaintiff against the defendant in error, for the wrongful and vexatious suing out of an ancillary attachment against him by one Benjamin C. Price, on whose bond the defendant was a surety. After introducing in evidence the proceedings in the original suit, by which it appeared that a judgment was rendered therein in his favor, and the affidavit, bond, writ of attachment and levy thereof, the plaintiff offered to prove the expenses incurred by him in defending the original suit, which the court refused to allow. The defendant, having first proved its execution, then offered to introduce in evidence, in mitigation of damages, the note on which the attachment was sued out, and on which the plaintiff was an endorser, and in connection therewith a writ which he had sued out against the makers, returnable to the first court after the note fell due, and on which was a return by the sheriff of *non est*. To

this evidence the plaintiff objected, but the court overruled his objection and permitted it to go to the jury. The ruling of the Circuit Court is now assigned as error.

Rice, for the plaintiff in error:

1. In this action for the wrongful and vexatious suing out of an ancillary attachment, the plaintiff ought to be allowed to show the different items of expense to which he was subjected in defending the suit. If any of those items are shown not to be properly allowable to the plaintiff as actual damages, then the defendant should protect himself from their allowance, by asking an appropriate charge. Evidence of expenses incurred is certainly *admissible*. Its *sufficiency* or *legal effect* is a matter to be determined by a charge of the court.

2. Where the attachment is sued out against an *endorser*, *after he has been discharged* from liability by the failure of the endorsee to sue the maker of the note and prosecute him to insolvency, the "note, writ and sheriff's return" in the suit commenced against the maker and *abandoned*, are not competent and relevant evidence against the *endorser*, "*in mitigation of damages*." How can such "note, writ and sheriff's return" *mitigate the damages* done to the endorser by an attachment *subsequently sued out against him* by the endorsee, whose own negligence to prosecute the maker had deprived him of all right to sue *the endorser* or to attach his property? The court below did injure the plaintiff by giving such an effect to the evidence. By admitting the evidence "in mitigation of damages," the court and jury and parties were precluded from regarding the evidence as good for any other purpose. Admitting evidence for *one specified purpose* is excluding it for *all other purposes;* and if it is not admissible for the *specified purpose* for which it is admitted, this court is bound to reverse, because thereby an error is committed and injury is *prima facie* shown.—Creagh v. Savage, 9 Ala. Rep.

The writ and sheriff's return were inadmissible for any purpose.—8 Serg. & R. 305.

White, for the defendant:

The defendant in an action of this kind is only liable for damages actual or vindictive which grow out of the wrongful,

vexatious or malicious suing out of the attachment.—Kirksey v. Jones, – Ala. Rep. 622; McCullock et al. v. Walton, 11 Ala. Rep. 492. This was an ancillary attachment, and the costs which plaintiff offered to prove were incurred in defending the suit at law, and did not flow from the attachment.

The note and endorsements, with the writ against the makers, with the return of not found, were good to show that Price had a cause of action against plaintiff in error, and rebut the idea of malice.

If the expenses incurred resulted from *the attachment*, and not from the suit pending against him, plaintiff should have shown it, or at least should have offered to show it.

CHILTON, J.—The court below decided the points of law raised in this case upon the trial very correctly.

1. The cost in defending the suit in which the ancillary attachment was sued out, the plaintiff in that suit having failed, has no connection with the attachment. The ancillary attachment was but auxiliary to the main suit, and enabled the plaintiff to obtain a lien on property for the satisfaction of whatever judgment he might recover. No issue of fact was raised or could have been raised by the defendant, as predicated upon the attachment. The grounds upon which it issued cannot by the terms of the statute authorising it be controverted so as to require proof. The argument of the plaintiff's counsel, that we must intend the plaintiff was incited to greater diligence in making his defence, and therefore incurred more cost, from the fact that the attachment secured the ultimate payment of the judgment, should one be obtained, is unsound. We must intend that White would have paid the debt had the court so ordered and adjudged. Damage, the consequence of a contrary presumption, would neither be the legitimate, natural nor proximate result of the attachment.—Donnell v. Jones, 13 Ala. Rep. 490, and authorities cited.

2. Proof of the previous proceeding instituted against the makers of the note and the return of *non est*, &c. was proper in mitigation of damages, since it tended to show the want of malice, and that the party in suing White, the endorser, was not actuated by improper motives. There is a marked difference in honestly and in good faith suing out an attachment under a mis-

take of one's legal rights, and a wanton disregard of the rights of others. In Sharpe v. Hunter, 16 Ala. Rep. 765, this court held that if an attachment sued out in a case in which *just* grounds for its issuance exists, is abated on plea, for a defect in the affidavit, the party against whom it issued in a suit upon the bond is not entitled to recover the actual damage he has sustained. In the case before us, the objection is not to the regularity of the attachment or affidavit on which it issued, but the record shows that Price had lost his recourse on White as endorser of the note, yet it must be admitted that this loss of recourse resulted from a technical objection, and resulted under circumstances well calculated to admit of an honest difference of opinion as to White's liability on his endorsement. Such being the case, we think the proof was clearly competent to go in mitigation to repel as far as it goes the existence of malice or improper motive.— The case of Swigart v. Berks, adm'r, 8 S. & R. 305, is wholly unlike the present. In that case no question of malice was involved, but the effort was to show that a party considered no more due him than one hundred dollars, from the fact that he had instituted a suit on the same cause of action before a justice of the peace, whose jurisdiction did not extend to cases above one hundred dollars. But the plaintiff abandoned his case, and the court held the record of it improper testimony. It is manifest the case bears no analogy to the present.

Judgment affirmed.