# Pounds *et al. v.* Hamner.

## *Action on Garnishment Bond.*

1.  *Judgment on demurrer; when not reviewable.*—Where the rulings on demurrers nowhere appear from the record, the Supreme Court will not consider any questions which the demurrers are supposed to raise.

2.  *Wrong and vexation not against garnishee; question for garnishee; allowance of counsel fees, &c.*—In suing out garnishment in aid of a pending suit, the wrong and vexation, if any, are against the defendants in the original suit, not against the garnishee.  With the latter, if indebted, it is simply a question whether he shall pay his debt to the attaching creditor, or to the person to whom he is indebted; and he is entitled to a proper allowance for attendance to give his answer, and may be allowed, in discretion of court, proper counsel fees to guard his interests—to be retained out of funds in his hands, but only if such funds be condemned.  The garnishee can not, in legal contemplation, be damnified by the proceedings.

3.  *Damages when garnishment "wrongful;" same, when "vexatious."* If the garnishment be simply *wrongful,* the measure of damages will be the actual injury sustained; if it be also *vexatious,* exemplary or vindictive, damages may then be recovered—the amount to be determined by the jury in their discretion.

4.  *Two facts essential to justify garnishment in aid of pending suit: First,* that there is an existing indebtedness from the defendant to the plaintiff; and *second,* that in the belief of the person praying the process, garnishment against the supposed debtor is necessary to obtain satisfaction of such claim.  If either of these essential facts be wanting, the garnishment is wrongful, and the defendant is entitled to his action, and a recovery, &c.

5.  *Other injury and expenses incurred by defendant.*—Other wrong, injury or expense, may sometimes be cast on the defendant to the original suit, and such additional expense, in the maintenance of his rights, caused by the garnishment, is proper subject of damages in a suit by defendant.

6.  *Admissibility of the records of the suits as evidence.*—The records in the original and garnishment suits, are admissible evidence in a suit upon the garnishment bond, and constitute the only legal primary evidence of the facts shown thereby.

7.  *Defendant not bound to defend garnishee; duty of garnishees.*—The defendant to the original suit is under no legal obligation to defend the garnishee.  It is their duty to see that they are not adjudged to pay otherwise than according to law.

8.  *What not an injury to defendant.*—Where the debt of the garnishees was not the property of the defendant, then the arrest or suspension of its payment could not injure the defendant.

9.  *When ruling of primary court not revisable.*—The ruling of the primary court excluding evidence, can not be revised, when set forth so meagrely that the appellate court can not clearly perceive its relevancy to establish the fact sought to be proved.

[Pounds et al. v. Hamner.]

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. WM. S. MUDD.

This was a suit brought by Robert Hamner, appellee, against Raleigh Pounds and Charles Smallwood, appellants, for an alleged breach of a garnishment bond made by appellants—said Pounds having sued out a garnishment against one Simpson & Freeman, in a suit commenced by summons and complaint in the Circuit Court of Tuskaloosa county by said Pounds, against Wm. T. Hamner and Robert Hamner.

Several demurrers were filed by defendant, but the ruling of the court thereon is nowhere set out in the record. The plaintiff offered to read in evidence the garnishment bond upon which this suit is brought, and the record and proceedings of the garnishment and original suit brought by Pounds against William and Robert Hamner. The defendant objected to the introduction of such records and proceedings, but the court overruled the objections, and they excepted.

Appellants say there is manifest error in this: 1. The court erred in overruling the demurrer to the amended complaint; *first,* because said complaint failed to show that said garnishment was wrongfully or vexatiously sued out; *second,* because it does show affirmatively that said garnishment was not wrongfully or vexatiously sued out; *third,* because said complaint shows that there was no breach of the bond; *fourth,* because it avers no damages that are recoverable; *fifth,* because it shows affirmatively that the damages claimed are not recoverable in this action.

2. And further error in this: *First,* the court erred in ruling out all evidence that the purchase by appellee from Wm. T. Hamner was simulated and fraudulent, and that the " *bona fides* " of said purchase could not be inquired into in this suit; *second,* in ruling upon the effect of testimony to the injury of appellant after refusing to permit him to produce and proceed with it; *third,* in refusing to permit appellant to prove by such testimony, that appellee in fact had effects of Wm. T. Hamner with which to pay his defaults as tax collector; *fourth,* in ruling that the promise of appellee to appellant to save him harmless, if he would pay off the default of Wm. T. Hamner, was under the statute of frauds unless in writing, and did not bind appellee; *fifth,* in ruling that if appellant dismissed his original suit against William T. and Robert Hamner, there was a breach of the garnishment bond; *sixth,* in ruling that appellee could recover counsel fees and costs in defending the garnishment suit, when there was no evidence of a contest, and when the complaint and

[Pounds et al. v. Hamner.]

the answer of the garnishees showed that they were indebted, and when there was no proof that appellee had not recovered his said costs, in said judgment against appellant for costs; *seventh,* in ruling, under the facts of this case, that if appellee had paid to appellant his proportionate share of the default of Wm. T. Hamner, that appellant could not recover; *eighth,* the second charge of the court tended to mislead the jury in failing to instruct them that the *onus* was on appellee to discriminate between the costs and counsel fees of the garnishment and the original suit; *ninth,* the court erred in ruling that appellee could recover anything under the breaches assigned under the pleas, if they were true and under the testimony.

VAN HOOSE & POWELL, for appellants. (No brief came to Reporter.)

S. A. M. WOOD and HARGROVE & LEWIS, *contra.*—1. The overruling of the demurrer to the amended complaint was proper.—*Ward v. Neal,* 35 Ala. 602; *Williamson v. McArthur & Wolf,* 37 Ala. 298; *Wilson v. Cantrell,* 19 Ala. 642.

2. The court below properly sustained the objection of the plaintiff to the evidence of defendant, offered to show that a trade between the Hamners was fraudulent and simulated; because such evidence was irrelevant in this suit; and for the reasons that appellant had not shown himself to be in any attitude to attack the "*bona fides*" of the sale, and that he was estopped by the original garnishment suit, and the uncontroverted answer of the garnishee that he owed the money to Robert Hamner, and not to Wm. Hamner. As to estoppel, see *Butler v. O'Brien,* 5 Ala. 316.

3. The ruling of the court as to the statute of frauds was correct.—See R. C. § 1862; *Beall & Co. v. Ridgway,* 18 Ala. 117.

4. Counsel fees in defending the garnishment suit, is part of the actual damages. The appellees claimed no fees for defending the original suit on which the garnishment issued. *Bullock v. Ferguson,* 30 Ala. 227.

STONE J.—The ruling of the Circuit Court on the demurrers is nowhere shown in the record in this cause; and if such rulings were had, we can not know what they were. Hence, we can not consider any questions which the demurrers are supposed to raise.—*Petty v. Dill,* in manuscript.

The present suit is on a bond given to sue out garnishment

[Pounds et al. v. Hamner.]

in aid of a suit by summons and complaint, then pending, under section 2892 of the Revised Code. In *Barber v. Ferrill*, at the present term, we said such writ of garnishment as this " has the properties of an ancillary attachment;" that it (the writ) is only allowable when oath is made by the creditor, his agent, or attorney, that " he believes process of garnishment is necessary to obtain satisfaction of the claim sued on." Before this suit was instituted, the primary suit, in aid of which the garnishment was sued out, was disposed of by voluntary non-suit, suffered by plaintiff in that action. The present suit is by one of the defendants in that suit, and seeks to recover damages against Pounds, on allegations that said garnishment was wrongfully and vexatiously sued out. In suing out garnishment, as in this case, the wrong and vexation, if there be any, are against the defendants in the action; not against the garnishee. With the latter, if indebted, it is simply a question whether he shall pay his debt to the person he is indebted to, or to the attaching creditor; and he is entitled to a proper allowance for his attendance on the court to give his answer, and may, in the discretion of the court, be allowed proper counsel fees to guard his interests, to be retained out of the fund in his hands, if the same be condemned; not otherwise. He can not, in legal contemplation, be damnified by the proceeding.

The defendant in the suit, however, can be injured. If the garnishee be in fact indebted, the result will be to tie up the claim, and delay its collection, until the garnishment suit is determined. From this necessary result, some damage will be done the defendant; and it may be that the whole debt is thereby lost to him. Garnishment being a species of attachment, its tendency is to harrass, and, in some degree, to bring odium on the defendant. On these accounts it is that an action is given to defendant, if the garnishment be wrongfully or vexatiously sued out. If the garnishment be simply wrongful, the measure of damage and of recovery will be the actual injury sustained, and nothing will be allowed for injured feelings.—*Floyd v. Hamilton*, 33 Ala. 235. If it be also vexatious, then a different rule prevails. Exemplary or vindictive damages may then be recovered—the amount to be determined by the jury in their discretion.

Two essential facts are necessary to justify a garnishment in aid of a pending suit: *First*, that there is an existing indebtness from the defendant; and, *second*, that in the belief of the person praying the process, garnishment against the supposed creditor " is necessary to obtain satisfaction of

such claim." If either of these essential facts be wanting, the garnishment is wrongful, and the defendant is entitled to his action, and to a recovery commensurate with the injury he has actually sustained. If the party suing out the process believe the facts to exist, and is not influenced by a reckless or vexatious spirit, the recovery should not go beyond the actual injury. Such suit would not, in contemplation of law, be vexatious. Of course, it would be difficult to prove that the person suing out the process did not believe the garnishment against such person was necessary to obtain satisfaction of the claim. Still, it is one of the issues in all such contests, to be passed upon by the jury, under appropriate instructions. Like malice or motive, it is usually an inferential fact.

Other wrong, injury, or expense, may sometimes be cast on the defendant to the suit, in consequence of the garnishment. Any additional expense incurred by the defendant in the maintenance of his rights, caused by the garnishment, is proper subject of damages in a suit by the defendant. There is nothing in this record showing that such *extra expense* was caused by the garnishment out of which this suit grew.

There was certainly no error in allowing the records in the original and garnishment suits to be read in evidence. They were the foundation of the present suit—were a necessary part of the very transaction that was being tried—and were not only legal, but the only legal, primary evidence of the facts shown thereby. Judgments are evidence against the whole world, to prove their own existence and contents; but, against strangers, they are not evidence of the rights thereby determined.—1 Brick. Dig. 823, §§ 269, 273.

The Circuit Court, among other matters, charged the jury, that Robert Hamner, plaintiff below, was entitled " to recover in this action the actual damages sustained by him in the defense of said garnishment suit, and actual damages include reasonable and necessary counsel fees, and other legal fees and costs necessarily incurred by plaintiff in defending said garnishment suit." In this, we think the Circuit Court erred. The defendant, Robert Hamner, was under no legal obligation to defend the garnishees, Simpson & Freeman. It was their duty to see that they were not adjudged to pay, otherwise than according to law; and if they improperly submitted to a judgment which the law did not authorize, a payment of such judgment by them would be no defense to a suit for the same claim by Hamner. To justify such payment, and make it operate a bar to Hamner's suit, it must be made under a valid judgment of the court condemning it.

[Pounds et al. v. Hamner.]

The garnishees were under no obligation, in fact had no right to defend the suit against the Hamners. The only inquiry they need make was, as to the jurisdiction of the court to try the main cause. If the court had jurisdiction, and rendered judgment, no matter what errors might occur therein, they would furnish no defense to the garnishees. Only the defendants in the main suit could complain. The garnishees, if indebted, could not resist judgment on their answer. Paying such judgment, the original judgment standing unreversed, the garnishees would have armed themselves with a perfect defense against the claim. We mean, of course, that to put themselves without fault, and to arm themselves with this perfect defense, the garnishees must have answered properly, disclosing notice of transfer, if they had received such; and fully setting forth all material facts within their knowledge.—*Stubblefield v. Hagerty,* 1 Ala. 38; see, also, *Sharpe v. Hunter,* 16 Ala. 765; *White v. Wiley,* 17 Ala. 167; *Marshall v. Betner, ib.* 832; *Sackett v. McCord,* 23 Ala. 851; *Lockhart v. Woods,* 38 Ala. 631; Drake on Attachments, § 176, *et seq.*

We repeat, we know of no duty resting on Hamners to defend the garnishees. It follows that, for such gratuitous defense, no liability can be fastened on the bondsmen. The duty rested on the garnishees to present every material fact, showing that judgment should not be pronounced against them; and if they, in fact, owed a debt, liable to condemnation, it was their duty to see that it was not rendered for too large a sum.—*Thompson v. Gates,* 18 Ala. 33; *Seay v. Greenwood,* 21 Ala. 495.

Of course, if the Hamners defended the main suit successfully, this necessarily defeated the garnishment, which was but a dependent proceeding. We can not perceive that the pendency of this branch suit increased the difficulty or expense of defending the main suit. Defeating the one, the other must necessarily fail. There are contingencies, however, in which garnishment might cast expense on the defendant to the suit, beyond mere delay in collection. None such are shown in this record.

An exception is taken, but not clearly presented, growing out of an alleged fraudulent sale of property by William T. to Robert Hamner. There is not enough shown for us to perceive the bearing or pertinency of it. If, in fact, the debt of Simpson & Freeman was the property of Wm. T. Hamner, then the arrest or suspension of its payment did not, and could not, injure Robert Hamner. But, from the

[Hamner et al. v. Pounds.]

meagre statement of the testimony ruled out, we are not able to perceive how it could tend to prove that garnishees owed William T. and not Robert Hamner. Hence, we can not affirm there was error in this ruling.

We need not declare the effect of the alleged promise, if believed, made by Robert Hamner to Pounds, that if he, Pounds, would pay the default, he, Robert, would repay, or indemnify him. Whether such promise was made, and, if made, whether Pounds paid the money on the faith of it, are questions of fact, not for our determination. The influence such facts, if established, would exert in the determination of this cause, is not presented by any ruling of the Circuit Court.—See *Vogel v. Melnes*, 81 Wis. 306, and authorities therein cited; S. C. 11 Amer. Rep. 608; *Shook v. Vanmater*, 22 Wisc. 532; *Holmes v. Knight*, 10 N. H. 175.

We find no other errors in the record.

Reversed and remanded.