# Flournoy & Epping *v.* Lyon & Co.

*Action on Attachment Bond.*

1. *When attachment suit is commenced; issue and levy of writ.*—In a suit commenced by attachment, although a levy of the writ is necessary to give the court jurisdiction to proceed to judgment against the defendant, unless he appears, yet the issue of the writ is the commencement of the action, and would suspend the running of the statute of limitations.

2. *Damages for suing out attachment; loss of credit, and expenses of defending suit.*—Injury to the credit of the defendant in attachment may result from the wrongful or vexatious suing out of the writ, although there was no levy, and may be recovered, as special damages, in an action on the bond; but, unless there was a levy, the defendant could not be driven into the trouble and expense of defending the suit; and he can not subject the plaintiff to a liability for damages on account of such trouble and expense, when caused by his voluntary appearance without a levy.

3. *Demurrer.*—In an action on an attachment bond, claiming special damages on more than one ground, if any of the damages claimed are recoverable, a demurrer to the entire complaint is properly overruled.

4. *Levy of attachment by service of garnishment.*—The levy of an attachment by the service of a garnishment on a person supposed to be indebted to the defendant, is sufficient to sustain an action on the bond, although

[Flournoy & Epping v. Lyon & Co.]

the garnishee is discharged on his answer denying any indebtedness, and a judgment against the defendant is thereby defeated.

5. *Attorney's fees; when recoverable as damages.*—Reasonable and necessary counsel fees, incurred in defense of the attachment suit, are recoverable as actual damages in an action on the bond, whether the attachment was merely wrongful, or wrongful and malicious; but counsel fees incurred in defense of a garnishee, although that defense was successful, and a judgment against the defendant in attachment was thereby defeated, are not recoverable in such action.

6. *Averment and proof as to ground on which attachment was sued out.* In an action on an attachment bond, the plaintiff must, by appropriate averments, negative the fact or facts stated in the affidavit as the ground for suing out the writ; and though the averment is negative, the *onus* of proving it, by evidence either direct or circumstantial, rests on him.

7. *Proof of fraud, as probable cause for suing out writ; evidence of malice.*—"Subsequent conduct often affords evidence of the motives by which former conduct was influenced." But, in an action on an attachment bond, it being shown that the attachment was sued out on the ground that the defendants had fraudulently disposed of their property, and that the validity of their assignment was sustained on a contest of the assignee's answer as garnishee, the attempt of the defendant in the action to prove fraud in the assignment, as showing probable cause for suing out the attachment, is not, of itself, a fact on which a fair inference of malice in suing it out can be based.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. H. D. CLAYTON.

This action was brought by the partners composing the late mercantile firm of Lyon & Co., against Flournoy & Epping as partners, and their sureties on an attachment bond; and was commenced on the 24th May, 1878. The attachment bond, on which the suit was founded, was dated 4th January, 1878, payable to said plaintiffs, and conditioned, in the usual words, that the said Flournoy & Epping, who had on that day sued out an attachment against the estate of the said Lyon & Co., "shall prosecute said attachment with effect, and pay said defendants all such damages as they may sustain by the wrongful or vexatious suing out of said attachment." The complaint set out the condition of the bond, and assigned breaches as follows: "Plaintiffs say that the condition of said bond has been broken by the defendants, in this: 1st, the said attachment was wrongfully sued out; 2d, said attachment was vexatiously sued out; 3d, said attachment was maliciously sued out; to the damage of the plaintiffs as above stated. And plaintiffs claim of the defendants the following special damages: 1st, two hundred dollars, attorney's fees for defending said attachment suit; 2d, two hundred dollars for bringing this suit; 3d, the costs in said attachment suit, amounting to about fifty dollars; 4th, fifteen hundred dollars as damages sustained by them in their credit and business; and plaintiffs aver, that their character and integrity as business merchants, and their credit, have been injured and ruined by reason of the said wrongful, vexatious, and malicious suing out

of said attachment, to their damage in the sum of fifteen hundred dollars." The defendants demurred to the complaint, assigning the following causes of demurrer: "1st, that said complaint fails to allege that said attachment was levied upon any property of plaintiffs, or executed by the service of garnishment upon any parties who were indebted to plaintiffs; 2d, that said complaint fails to allege such a state of facts as go to show that an attachment suit was ever commenced by said Flournoy & Epping against said plaintiffs." The court overruled the demurrer, and the defendants then pleaded, as the judgment-entry recites, "not guilty;" on which plea issue was joined without objection, and a trial was had.

On the trial, as the bill of exceptions states, the plaintiffs read in evidence the attachment bond, the writ of attachment, and the affidavit on which it was sued out. The affidavit was made by J. F. Flournoy, one of the firm of Flournoy & Epping, and stated, as the ground for suing out the attachment, "that the said H. Lyon & Co. have fraudulently disposed of their property," The sheriff's return on the attachment was in these words: "Executed by serving garnishment on Griffin & Brock, and Jackson and Brother, January 16th, 1878." The bill of exceptions further states: "It was proved, also, that said attachment was executed by service of garnishment on Griffin & Brock, to whom said Lyon & Co. had made a deed of assignment; that Jackson & Brother were not required to answer in said attachment suit, but were discharged on their answer of no indebtedness; and that a judgment by default, taken against said defendants in attachment, was set aside when the garnishees were discharged." On the question of actual damages, N. W. Griffin testified in behalf of the plaintiff, "that he was employed by said H. Lyon, after said attachment suit was commenced, to defend said suit, but he did not file any pleas in said cause, nor enter his appearance on the records; that he thought he could best defend said attachment by having said garnishees discharged, and therefore appeared and defended said garnishees (he being one of them), and thereby defeated a judgment against said H. Lyon & Co.; also, that he appeared in the Supreme Court, said Flournoy & Epping having appealed from the judgment discharging said garnishees, and rendered services on said appeal by virtue of his employment by said Lyon." The defendants objected to each part of the testimony of this witness, and duly reserved exceptions to the overruling of their several exceptions. The value of the services rendered by said Griffin, both in the lower court and on the appeal, was also proved by the plaintiffs, against the objection of the defendants, who reserved exceptions to the admission of the evidence. "The plaintiffs introduced in evidence, also, a deed of assign-

[Flournoy & Epping v. Lyon & Co.]

ment, in the usual form, made by said H. Lyon & Co. a few days before said attachment was sued out, and by which they conveyed all their property to said Griffin & Brock, in trust for the benefit of all their creditors. There was evidence on the part of the plaintiffs, tending to show that said Lyon & Co. had not fraudulently disposed of their property, or done anything to subject them to an attachment suit on the part of their creditors; and there was evidence on the part of the defendants, tending to show that said Lyon & Co. had fraudulently disposed of their property before said attachment was sued out."

"This was, substantially, all the evidence in the case. Thereupon, the court charged the jury, 1st, that if said Lyon & Co. employed counsel to defend said defendants in said attachment suit, and said services were rendered by appearing for said garnishees in the case, they may include the value of said services as part of the actual damages in this case, if they find for the plaintiffs; also, 2d, that they may include the attorney's fees in the Supreme Court, as a part of the actual damages in the case, if they find for the plaintiffs, and if said services were rendered under the employment of said Lyon to defend said attachment suit; and, 3d, that the plaintiffs are entitled to reasonable attorney's fees for defending said attachment, as a part of the actual damages in this case, if any attorneys were employed for that purpose, and if said attachment was wrongfully sued out, although said attorneys may not have entered an appearance in said attachment suit, or filed any pleas therein." To each of these charges the defendants excepted.

The court charged the jury also, on the written request of the plaintiffs, as follows: 1. "If the evidence shows that the defendants set up fraud as a defense to this action, then the jury can look to that fact, in connection with the other facts in the case, to show that there was malice in the suing out of the attachment, and in aggravation of the damages." 2. "The presumption is, in the absence of any evidence, that there was no ground for suing out an attachment, and it devolves upon the defendants in this suit to show that there was a ground for the attachment, if they rely upon that fact." 3. "Injury to the plaintiffs' credit and business is a legitimate ground for recovering actual damages; and evidence of a general loss of credit and injury to business is proper for the jury to consider, in ascertaining the actual damages by or on account of the loss of their business or credit." To each of these charges the defendants duly excepted.

The overruling of the demurrer to the complaint, the several rulings of the court on the evidence, and the giving of the charges to which exceptions were reserved, are now assigned as error.

[Flournoy & Epping v. Lyon & Co.]

J. D. GARDNER, for appellants.—In a suit on an attachment bond, attorney's fees for services rendered in the attachment suit, on appeal to the Supreme Court, are not recoverable. *Scott v. Baber's Adm'rs*, 24 Ala. 402; *Bullock v. Ferguson*, 30 Ala. 227. *A fortiori*, they are not part of the actual damages, when the services were rendered in the Supreme Court on behalf of the garnishees. The condition of the bond does not include such services. For this reason the rulings of the court on the evidence are erroneous.—*Hays v. Anderson*, at last term. The burden of proof was on the plaintiffs to show the falsity of the affidavit for attachment.—*O' Grady v. Julian*, 34 Ala. 88. This case shows that it was error to give the 3d charge requested by plaintiffs. There can be no *defense* of a suit, unless there is an appearance, either generally, or by filing pleas. There can be no suit, without service of process, and the defendant in attachment is not called on to defend until the writ is levied; and where, as in this case, the garnishees are discharged, there is no basis for the original suit.

W. W. GRIFFIN, *contra*.—The cases cited by counsel for appellant, to show that attorney's fees for services rendered in the Supreme Court are not recoverable, are not in point. They related to suits on *injunction* and *detinue* bonds, and even in those cases there were dissenting opinions.—See 24 Ala. 402; 30 Ala. 227. These fees were and are recoverable in an action on the case for wrongfully or vexatiously suing out an attachment, as part of the actual damages.—*Couch v. McKellar*, 34 Ala. 336; *Donnell v. Jones*, 13 Ala. 500; *Seay v. Greenwood*, 21 Ala. 491. The statute giving an action on the attachment bond declares that actual damages are recoverable, and gives the defendant a right to bring his suit on the bond before the termination of the attachment suit. There is no reason for adopting a different rule as to attorney's fees in the two classes of cases, nor are the damages too remote.—2 W. Bl. 892; 19 Johns. 381; 7 Taunt. 152.

BRICKELL, C. J.—The demurrer to the complaint rests on the hypothesis, that an attachment suit is not commenced until there is a levy of the writ. The levy is certainly essential to give the court jurisdiction to proceed to judgment against the defendant. It stands in the place of personal service, upon the presumption that the defendant, because of his relation to his property, will be put upon inquiry concerning it, and, being put on inquiry, will acquire notice and knowledge of the process under which it is drawn into the custody of the law.—*Grier v. Campbell*, 21 Ala. 327. The suit, however, is commenced by the issue of the writ, the first movement in the exercise of the

[Flournoy & Epping v. Lyon & Co.]

jurisdiction with which the court is clothed. True, if the writ is returned without a levy, it has spent its force, and can not be made the basis of any further proceeding.—*Reynolds v. Mc-Clure*, 13 Ala. 159. But, after its issue, and while capable of being levied, and thus made the basis of further proceedings, which could ripen into a judgment against the defendant, it must be regarded as the commencement of suit. The time elapsing after its issue, and before its levy or return, would not be computed in estimating the bar of the statute of limitations, if there was a levy and continuance of the suit. The suing out of the writ would intercept the running of the statute.

The damages recoverable for the wrongful or malicious suing out of the writ would, of course, be materially lessened, if there was no levy. There would not be a wrongful seizure and detention of the property of the defendant, and he would not be drawn into the trouble and expense of making defense. But, if special damages accrued to him, such as injury to his credit, which may be a proximate consequence of the wrongful suing out of the writ, these would be recoverable, though it was not levied.—*Goldsmith v. Pickard*, 27 Ala. 142. The damages claimed, in the present complaint, are for expenses incurred in the defense of the attachment suit, and for injury to credit because of the suing out of the writ. If the demurrer had been directed only to the parts of the complaint claiming damages for expenses in the defense of the attachment suit, it ought to have been sustained. Unless the attachment had been levied, such expenses were not a consequence of its issue. Into them the defendant could have been drawn only by his voluntary appearance and submission to the jurisdiction of the court; and by his own voluntary act he can not subject the defendant to damages which would not have resulted otherwise.—*Seay v. Greenwood*, 21 Ala. 441; *Loker v. Dawson*, 17 Pick. 284. But, as the complaint also claims damages for injury to the credit of the plaintiffs, which may have resulted from the mere issue of the writ, the demurrer to the entire complaint was illy taken.

It appears from the evidence, that the attachment was levied by the summons of garnishees, who were supposed to be indebted to, or to have effects of the defendants in possession. These garnishees were discharged, on their answers denying indebtedness; and the plaintiff, of consequence, failed to obtain judgment. This was a sufficient levy, though it may have proved valueless, to authorize suit on the attachment bond. The cause was thereby placed in a condition in which further proceedings must have been had; and it is not for the plaintiff, causing the issue and levy of the writ, to assert the insufficiency of the levy to support a final judgment against the defendant,

as ground for escaping from the consequence of the wrongful or malicious use of the process.—*Drummond v. Stewart*, 8 Iowa, 344.

It is settled here, that reasonable and necessary counsel fees, incurred in defending the attachment suit, are recoverable as actual damages, whether the attachment is merely wrongful, or wrongful and malicious.—*Marshall v. Betner*, 17 Ala. 832; *Seay v. Greenwood*, 21 Ala. 441. But the counsel fees now claimed were not incurred in defense of the attachment suit, but by the garnishees, or rather in defense of the garnishees. To the attachment suit the defendant never appeared or pleaded. Defense of the garnishees, though successful, and resulting in preventing a judgment against the defendants for the debt, was, as was said in *Hamner v. Pounds*, 57 Ala. 347, merely gratuitous, and thereby no liability could be fastened on the obligors in the attachment bond.

In this action, it is necessary the plaintiff should, by appropriate averments, negative the truth of the particular fact or facts stated in the affidavit as the ground of attachment. The averment, though negative in form, and though it may involve the proof of a negative, casts upon the plaintiff the burden of proof; and he must, by evidence, either direct, or of circumstances from which it is a fair inference the facts did not exist, satisfy the jury there was not the specific cause of attachment. *Tiller v. Shearer*, 20 Ala. 507; *O'Grady v. Julian*, 34 Ala. 88; *Durr v. Jackson*, 59 Ala. 203.

The fact that, in the defense of this suit, the defendants insisted plaintiffs had been guilty of a fraud which justified the suing out of the attachment, the Circuit Court in effect ruled, was a circumstance tending to show that they were actuated by malice in suing out the writ. If the evidence was satisfactory that there was no probable cause for suing out the writ, or that the defendants had subsequently come to the knowledge of facts which ought to have satisfied them the plaintiffs had not been guilty of fraud, persisting in the accusation is a fact which may be considered in determining whether they were not malicious or reckless in the commencement of the suit. Subsequent conduct often affords evidence of the motives by which former conduct was influenced. But the mere fact that the defendants attempted to prove fraud, and thereby show probable cause for the issue of the attachment, is not, of itself, a fact on which a fair inference of malice can be based.

The instruction given by the Circuit Court, in reference to the injury to the credit of the plaintiffs, is abstract. The bill of exceptions purports to set out all the evidence, and there was none introduced tending to show the plaintiffs had suffered in credit because of the issue of the attachment.

[Davis v. Snider.]

There were several of the rulings of the Circuit Court inconsistent with these views; and its judgment must be reversed,. and the cause remanded.