# The Alabama State Land Co. v. Reed.

### Action on a Garnishment Bond.

1. *Action on garnishment bond; limitation of admitted evidence.*—In a suit on a garnishment bond which had been executed for the issuance of a writ of garnishment in an action to recover the statutory penalty for willfully and knowingly cutting down trees on the lands of another (Code, § 3296), it furnishes no ground of complaint to defendant, after allowing defendant's agent, who sued out the garnishment in the former suit, to testify that he found a person cutting trees on defendant's land, who told witness that he was cutting for plaintiff, that the court should limit this evidence to the question of the vexatious or malicious suing out of the writ of garnishment, when there is no offer to connect plaintiff with such act of cutting further than by the declaration itself.

2. *Same; burden of proof to sustain plea of set-off.*—In order to sustain a plea claiming as a set-off to a recovery on a garnishment bond the statutory penalty originally sued for by defendant, the burden is on the defendant to reasonably satisfy the jury that plaintiff willfully and knowingly cut the trees, or had them cut.

3. *Same; injury to credit by issuance of garnishment not recoverable.* While the refusal of the court to instruct the jury that "Damages for injury to credit, resulting solely from the failure of plaintiff to get the amount suspended by the garnishment, are not recoverable in this suit" on the garnishment bond, may be error, it is not available to defendant when the complaint counts on injury done to plaintiff's credit by tying up in the hands of the garnishee the money due him, and issue is joined on such a count, and the plaintiff, without objection, introduces evidence to support it.

4. *Same; misleading charge.*—The taking of a non-suit is not conclusive of the fact of indebtedness *vel non;* and a charge which asserts "that the non-suit taken in the garnishment suit was not a breach of the [garnishment] bond," if not positively erroneous, is misleading and should be refused.

5. *Same; right to consider what was done in the garnishment trial.* An instruction that "The jury can not consider for any purpose, what

happened on the trial of the garnishment suit;" or that "The jury can not consider, for any purpose, the fact that the plaintiff in the garnishment suit took a non-suit," does not assert a correct proposition of law.

6. *Same; responsibility of principal for acts of agent.*—A principal is not responsible for the malice, vexation or wantonness of an agent in suing out a writ of garnishment, unless the principal authorized, participated in or ratified such act; and such authority, participation or ratification can not be inferred from the mere relation of principal and agent, but must be proved.

7. *Same; defense as to vexatious suing out of a writ.*—An honest belief, founded upon reasonable grounds, that a writ of garnishment was necessary, may furnish a defense against a recovery for vexatious suing out of the writ; but is no answer to the claim for actual damages sustained by the wrongful suing out of the writ.

8. *Liability under section 3296 of Code, 1886.*—The purchase of trees with the knowledge that they had been cut down and taken away from the lands of another, in violation of the statute (Code, § 3296), does not subject the purchaser to the statutory penalty, unless he participated, aided or abetted in the cutting or taking away.

APPEAL from Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by the appellee, C. M. Reed, against the appellant corporation; and sought to recover damages for the breach of a bond given by defendant as principal, to secure the issuance of a writ of garnishment. It was alleged in the complaint that suit was brought by the defendant in this action against C. M. Reed, the present plaintiff, to recover the statutory penalty for willfully and knowingly cutting down 176 trees, which were upon the land of the Alabama State Land Company, without the consent of said company; and that the bond now sued on was made, and writs of garnishment were issued to debtors of said C. M. Reed, for the purpose of collecting the said claim; but that before the termination of said suit against Reed, the plaintiffs therein took a non-suit.

The defendant pleaded the general issue, and interposed several special pleas, offering to set-off its claim against the plaintiff for willfully and knowingly cutting down trees upon its land without its consent. There was a demurrer to the amended complaint, but the record does not show that the court ruled on the demurrer.

In the present action the plaintiff introduced evidence tending to show that he was not, at the time of the execution of the bond sued on, indebted in any amount to the Alabama State Land Company; that the writ of garnishment sued out by the defendant caused the garnishee to withhold from the plaintiff several thousand dollars for several months after the same became due and payable to

him; and that, as the result of the issuance of such writ of garnishment, his credit was greatly impaired, and he was put to serious inconvenience. The testimony for the defendant tended to show that, at the time of the execution of the bond and the issuance of the writ of garnishment in the suit against said Reed, he was indebted to the defendant in this action. The tendency of all the evidence for the defendant was to controvert the testimony introduced by the plaintiff. An exception was reserved to the ruling of the court in sustaining the plaintiff's objection to the testimony of the witness Howard, which ruling is sufficiently shown in the opinion.

At the request of the plaintiff in writing, the court instructed the jury as follows: "In the set-off claimed by defendant for the penalty of $10.00 per tree, the burden of proof is on defendant to satisfy you reasonably that Reed willfully and knowingly cut the trees, or had them cut; and if after considering all the evidence, you are not reasonably satisfied that Reed willfully and knowingly cut the trees, or had them cut, then you will not allow said set-off." The defendant duly excepted to the giving of this charge, and also separately and severally excepted to the court's refusal to give to the jury each of the following written charges asked by it: (1.) "Damages for injury to credit resulting solely from the failue of Reed to get the amount suspended by the garnishment are not recoverable in this suit." (2.) "The defendant asks the court to charge the jury, that the non-suit taken in the garnishment suit was not a breach of the bond." (3.) "The jury can not consider, for any purpose, what happened on the trial of the garnishment suit." (4.) "The jury can not consider, for any purpose, the fact that the plaintiff in the garnishment suit took a non-suit." (5.) "The affidavit for the garnishment having been made by Howard, the agent of the Alabama State Land Co., the said company would not be responsible for malice on the part of Howard." (6.) "If the jury believe from the evidence that, at the time of the suing out of the garnishment, and during the year 1888, prior thereto, any persons had cut down upon the lands of the Alabama State Land Company any trees, and such persons had removed the timbers so cut from said lands, and had sold the same to the plaintiff, Reed, that the plaintiff, Reed, became liable for such purchase to the Alabama State Land Company, for the value of such trees, although the persons who did such cutting and said Reed were ignorant of the fact that the lands upon which such cutting was done

belonged to the Alabama State Land Company ; and if such liability existed, and Howard, the agent of said company, who made the affidavit for the garnishment, believed that garnishment was necessary to obtain satisfaction of such claim, then the plaintiff in this action can not recover." (7.) "If the jury believe from the evidence that, at the time of the suing out of the garnishment, any oak or pine trees had been cut down upon the lands of The Alabama State Land Company, willfully and knowingly, and without the consent of said company, and that the plaintiff Reed assented to such cutting at the time thereof or afterwards, then said Reed, by such assent, would make himself a party to such trespass, and liable for the penalty imposed for such cutting." (8.) "If the jury believe from the evidence that, at the time of suing out the garnishment, and during the year 1888, previous thereto, any trees upon the lands of the Alabama State Land Company, had been cut down by any person or persons, knowingly and willfully, and without the consent of said company, and that the plaintiff Reed purchased such trees with knowledge that they had been so cut down, he thereby assented to such trespass, and became liable for the penalties for such cutting."

There was judgment for the plaintiff in the sum of $500. The defendant brings this appeal, and assigns as error the rulings of the court upon the evidence and charges.

SMITH & LOWE, for appellant.

CHISHOLM & WHALEY, *contra.*

COLEMAN, J.—The Alabama State Land Company sued C. M. Reed to recover from him the statutory penalty, provided in section 3296 of the Code, for having willfully and knowingly cut down one hundred and seventy-six trees, which were on the lands of the plaintiff. The plaintiff in that suit, by its agent Howard, made affidavit, and executed bond for the issuance of garnishment process. That trial resulted in plaintiff taking a non-suit.

The present suit was brought by Reed upon the garnishment bond, to recover damages for the wrongful or vexatious suing out of the garnishment process.

The first assignment of error is, that the court refused to permit the witness Howard to testify that he found a person cutting the trees, who told him that he was cutting for Reed. The record shows that this evidence was admitted after the objection ; but limited by the court to the

question of the vexatious or malicious suing out of the garnishment. There was no offer to connect Reed with the act of this person engaged in the cutting of the trees, further than by the declaration itself. The admission of this evidence, limited as it was to the question of vexatiously or maliciously suing out the garnishment, furnishes no ground of complaint to appellant.

In the charge given at the request of the plaintiff, the court properly placed the burden of proof on the defendant to reasonably satisfy the jury that Reed had willfully and knowingly cut the trees, or had them cut, in order to sustain defendant's plea of set-off.

Credit is a conclusion of fact, partly based on opinion, founded more or less on reputation.—*Pollock v. Gantt,* 69 Ala. 373. An injury to credit is a legitimate ground for the recovery of actual damage.—*Durr v. Jackson,* 59 Ala. 203 ; *Flournoy v. Lyon,* 70 Ala. 308.

The only damages recoverable in this State for failing to meet a purely moneyed obligation at maturity, is the interest which subsequently accrues. Damages resulting from the mere delay to collect the money when due gives no cause of action. Such damages are too remote, and are purely speculative.

The record fails to show that the court ruled on the demurrers to the amended complaint. In such case, we must presume that the defendant waived his right to have judgment pronounced upon them.

Whatever error, as a legal proposition, may have existed in the refusal of the court to give charge No. 1 requested by the defendant, it is not available to it, under our system of pleading. The plaintiff in his complaint counted as a cause of damage on the injury done to his credit by tying up the money due him in the hands of the garnishee. Issue was joined upon the count, and the plaintiff without objection introduced evidence in support of it. Referring the charge to the pleading and proof, there was no error in its refusal.

The taking of a non-suit in an attachment suit is not conclusive of the fact of indebtedness *vel non* ; and in a suit upon the attachment bond, the record of the attachment suit is always admissible.—*Dothard v. Sheid,* 69 Ala. 135 ; *Pounds v. Hamner,* 57 Ala. 346.

Charge No. 2, requested by defendant, was calculated to mislead, if not possitively erroneous; and charges numbered 3 and 4 assert incorrect propositions of law.

The principal is not responsible for the malice, vexation or

[Highland Avenue and Belt R. R. Co. v. Matthews et al.]

wantonness of the agent, unless the principal authorized or participated in it, or subsequently ratified it; and such authority or participation can not be inferred from the mere relation of principal and agent.—*Jackson v. Smith*, 75 Ala. 97; *Burns v. Campbell*, 71 Ala. 271; *Pollock v. Gantt*, 69 Ala. 373; 73 Ala. 186-96; 7 Ala. 629. Charge No. 5 is faulty in that it ignores all consideration of the question of participation in, or ratification of, the intent of the agent by the principal. Charge 6 is argumentative; and is defective in that it precludes any recovery for the mere wrongful suing out of the garnishment. An honest belief, founded upon reasonable grounds, that the writ was necessary, may furnish a defense against a recovery for a vexatious suing out of the writ, but is no answer to the claim for actual damages sustained by reason of a wrongful suing out of the writ of garnishment. The case of *Pounds v. Hamner*, 57 Ala. 342, was not intended to assert a contrary rule.

Charges 7 and 8 assert incorrect propositions of law. Although Reed may have purchased the trees with the knowledge that they had been cut and taken away from the lands of another in violation of the statute (Code, § 3296), the simple fact that he purchased the trees with such knowledge, not having participated or aided or abetted in the cutting or taking away, does not subject him to the statutory penalty.

We find no error in the record included in the assignments of error.

Affirmed.