# Dishman, *et al. v.* Griffis, *et al.*

### Garnishment.

(Decided November 30, 1916. Rehearing denied January 18, 1917. 73 South. 966.)

1. **Garnishment; Remedy.**—Garnishment is a species of attachment and essentially a statutory remedy, and statutes governing garnishments will be liberally construed so as to advance the manifest intents of the legislature.

2. **Same.**—Garnishment is intended to reach choses in action, claims and demands not capable of seizure through execution or ordinary writs of attachment, and to effect the discovery of property of the defendant in the custody of the garnishee.

3. **Same; Judgment; Effect.**—Judgment in garnishment is one of condemnation and is conclusive between the garnishee and the defendant in the main suit.

4. **Same; Service of Notice; Effect.**—The service of garnishment creates a lien on the debt, demand or property to be subjected.

5. **Same; Bond.**—The plaintiff must give bond unless the garnishment issues on a judgment.

6. **Same; Bond; Condition.**—A bond for a garnishment in aid of a pending suit should be conditioned to prosecute the original suit to effect and to pay the defendant therein all such damages and costs as he may sustain by the wrongful or vexatious suing out of the garnishment; it is intended for the indemnity of the defendant and not for the benefit of the garnishee.

7. **Same.**—A defendant in garnishment is the only one that can sustain injury from the breach of the condition of the garnishment bond.

8. **Same; Grounds.**—To justify garnishment in aid of a pending suit it is essential that there be an existing indebtedness from the defendant and that in the belief of the plaintiff in garnishment the writ is necessary to obtain satisfaction of the claim.

9. **Same; Liability on Bond; Amount.**—If the plaintiff in garnishment in a pending suit has reasonable cause to believe the existence of facts necessary to warrant a suing out of the garnishment and is not influenced by a reckless spirit or vexatious motive recovery on the bond cannot exceed actual damages.

10. **Same; Jury Question.**—Whether the plaintiff was actuated in suing out the garnishment by a reckless or vexatious spirit is usually a question for the jury.

11. **Same; Time to Bring.**—Under section 2966, Code 1907, the defendants in garnishment proceedings may contest the ground of garnishment on the main trial or in an independent action on the bond.

12. **Judgment; Conclusiveness; Matters Not Litigated.**—In an action on a garnishment bond a plea of res judicata as to the issue of vexatious suing out of the writ failing to show that grounds of the garnishment were con-

[Dishman, et al. v. Griffis, et al.]

tested on the main trial is demurrable, since mere failure on the part of defendant to contest in the main suit is not conclusive of the question of the rightful issuance of the attachment.

13. Same.—Matters once adjudicated between the parties are conclusively settled and cannot thereafter be litigated between the same parties or their privies.

14. Same.—The rule that a judgment is conclusive of matters that might have been or ought to have been litigated, as well as of those actually litigated, does not apply to statutory garnishment proceedings, since the defendant is given the option to litigate the question of rightful suing out of the garnishment in either of two actions.

APPEAL from Calhoun Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by A. Dishman and another against J. B. Griffis and others. Judgment for defendants on its plea, and plaintiffs appeal. Reversed and remanded.

It appears that J. B. Griffis brought suit against the Anniston Lumber & Manufacturing Company and A. Dishman for a certain sum of money, and had garnishment in aid of suit issued to certain named parties, to obtain which the plaintiff executed the ordinary garnishment bond. The action is upon this bond, and the plea referred to is as follows:

The rightfulness of said garnishment has become res judicata in this, that the bond set out in the complaint was given in a suit brought in the city court of Anniston by J. B. Griffis against the plaintiffs in this case; and in said suit the said J. B. Griffis recovered judgment against plaintiffs in this case, and the court rendered judgment of condemnation in favor of the said Griffis, and condemned the garnishee's funds. Plaintiffs in the present case were parties to said suit in said city court of Anniston, and were duly served with notice of said garnishment, and the rendition of the judgment aforesaid on said writs of garnishment constituted an adjudication of the rightfulness of the garnishment.

HUGH WALKER, for appellant.   KNOX, ACKER, DIXON & STERNE, for appellee.

MAYFIELD, J.— (1) Garnishment is a species of attachment, and is essentially a statutory remedy; though derived from the custom of London it is not one of the ancient common-law remedies, and in the absence of statutes the remedy would not exist. Being, however, a kind of attachment, it falls within the protec-

tion of our statutes as to attachments, which provide that an enactment on this subject must be so liberally construed as to advance the manifest intent of the law. Such statutes, therefore, have never been construed strictly, like those which provide summary proceedings wholly in derogation of the common law.

(2) Garnishment is intended to reach choses in action, claims, and demands which are not capable of seizure by or through execution or ordinary writs of attachment; and, in some cases, to effect the discovery of certain property of the defendant which may, for the time being, be in the custody, possession, or control of some third party called the garnishee.

(3-5) Garnishment is a suit by a creditor against the debtor of *his* debtor. The judgment against the latter is for and in the name of the plaintiff, for an amount not exceeding the judgment against the debtor of plaintiff or the defendant in the main suit. The judgment in garnishment is termed—what it is in law— one of condemnation, and is conclusive between the garnishee and the defendant in the main suit. The service of the garnishment creates a lien on the debt, demand, or property to be subjected. Inchoate in its inception, the lien is enforced or perfected by judgment against the garnishee, and makes the plaintiff a judgment creditor in the place and stead of the original creditor of the garnishee, who is the defendant in the main suit and debtor of plaintiff. The purpose of the proceeding is to compel the garnishee to pay or answer to the plaintiff that which he would otherwise have to pay or answer to the defendant; the proceeding substitutes the plaintiff for the defendant as the garnishee's creditor. Unless the garnishment issues upon a judgment, the law requires the plaintiff to give bond.

(6) The proper condition of a bond for a garnishment in aid of a pending suit is to prosecute the original suit to effect and to pay the defendant therein all such damages and costs as he may sustain by the wrongful or vexatious suing out of the garnishment.—*Barber v. Ferrill*, 57 Ala. 446; *Hays v. Anderson*, 57 Ala. 374; 3 Mayf. Dig 917. The bond is intended for the indemnity of the defendant in the suit, not for the indemnity or benefit of the garnishee.—*Pounds v. Hamner*, 57 Ala. 342; *Hays v. Anderson, supra*; 7 Mayf. Dig. 917.

(7) The defendant may sustain damage from the wrongful suing out of the garnishment; the garnishment is a species of attachment, and the tendency of suing it out is to harass the

defendant in the suit, not the garnishee; to bring odium on him, not on the garnishee; and if the garnishee is in fact indebted to the defendant, the result is to tie him up in the control and collection of the debt due or owing to him. Hence the bond is payable to him, and he alone can sustain injury from a breach of its condition.—*Pound v. Hamner*, 57 Ala. 342; 3 Mayf. Dig. 917.

(8) Two essential facts are necessary to justify a garnishment in aid of a pending suit: First, that there is an existing indebtedness from the defendant; and, second, that in the belief of the person praying the process garnishment against the supposed debtor "is necessary to obtain satisfaction of such claim." —*Pounds v. Hamner, supra*, 3 Mayf. Dig. 917.

(9, 10) If the plaintiff in the pending suit had reasonable cause to believe the existence of the facts necessary to the suing out of the process of garnishment, and was not influenced by a reckless or vexatious spirit, the recovery cannot exceed actual damage; whether he was so influenced is an inferential fact to be determined by the jury from the circumstances in evidence.—Id.

(11) Section 2966 of the Code applies to actions on bonds for garnishments in aid of pending suits. The statute provides as follows: "At any time within three years of the suing out of the attachment, before or after the suit is determined, the defendant in attachment may commence suit on the attachment bond, and may recover such damages as he has actually sustained, if the attachment was wrongfully sued out; and, if sued out maliciously as well as wrongfully, the jury may, in addition, give vindictive damages."

Prior to the Code of 1907 this particular section in terms prohibited the defendant from contesting the grounds of the attachment or garnishment on the trial of the main suit, and therefore necessarily remitted the defendant to another suit, on the bond, to test this question or issue. The statute does not now in terms prohibit the contest of the grounds of the attachment or garnishment, on the trial of the main suit; hence the defendant may, or may not, as he desires, contest the grounds on the trial of the main suit. If he does not desire so to do, the statute expressly authorizes him to contest in an action on the bond, which he can bring either before or after the termination of the main suit.

It seems clear from the reading of our present statutes, in the light of their predecessors, that it was not intended, by removing

[Dishman, et al. v. Griffis, et al.]

the prohibition of contest of grounds in the main suit, to prevent a separate action on the bond in the event the plaintiff was successful against the garnishee; that is, that a failure to contest in the main suit was conclusive of the right to issue or sue out the attachment or garnishment, in the event the debt, demand, or property of the garnishee was subjected by the plaintiff to his debt or demand against the defendant in the main suit.

The present statute affords the defendant the option either to test the ground of attachment or garnishment on the trial of the main suit, or to bring another action as heretofore he was required to do. If he should contest in the main suit, the judgment would of course be conclusive of the question in a subsequent action on the bond; but a mere failure to contest in the main suit does not have the effect to conclude the issue and therefore defeat the action on the bond, whether brought before or after the termination of the main suit. This we have held must follow, to give effect to the statute above quoted. Why authorize a suit on the bond before the termination of the attachment suit, if the judgment of condemnation will defeat the action on the bond? It is possible that the action on the bond may be prosecuted to judgment before the main suit is terminated. Of course if the ground is once contested on either suit, that question is judicially determined, and the result is conclusive between the parties to that suit, in all other cases, whether the question arise collaterally or directly. This construction is intimated by a note to this section, made by the Code commissioner. The commissioner, following the precedents in other states, provided other sections giving a specified mode for contesting, and, in the event the defendant was successful, authorizing the award of damages against the plaintiff; but the Code committee struck out the other sections and amended the present section to present the form in which it now appears. If the defendant in attachment or garnishment should contest in the main suit, and be successful, he would still have to bring suit on the bond; the damages could not be awarded in the main suit.

As that statute now stands, the defendant may contest the ground in the main suit, so as to know whether or not he can maintain the action on the bond, or he may bring the action on the bond at once, and decline to contest in the main suit. The statute affords him the option.

[Dishman, et al. v. Griffis, et al.]

(12) It follows that the trial court erred in overruling appellant's demurrer to appellee's plea of res judicata, which set up a judgment for plaintiff in the main suit against both the defendant and the garnishee, as a defense to this action which is on the garnishment bond. If the plea had shown that the grounds of garnishment were tested or contested on the trial of the main suit, the plea might have been sufficient; but it did not do this, as we have shown. And the mere failure on the part of the defendant to contest in the main suit was not conclusive of the question of the rightful issuance of the garnishment.

(13, 14) It is very true that matters once adjudicated between parties thereby become conclusively settled, and cannot be thereafter litigated between the same parties or their privies. It is also true that a judgment may be conclusory of matters which might have been and ought to have been litigated, as well as of those actually litigated.—*Sims v. Herzfeld,* 95 Ala. 145, 10 South. 227; *Liddell v. Chidester,* 84 Ala. 511, 4 South. 426, 5 Am. St. Rep. 387; *Cook v. Parham,* 63 Ala. 456; *Robbins v. Harrison,* 31 Ala. 160.

This last proposition, however, does not apply to statutory proceedings like the one in question, where a party is given the option to litigate a given question or matter in either of two suits or actions. This case is for the above reasons distinguished from the case of *Roman v. Montgomery Iron Works,* 156 Ala. 604, 47 South. 136, 19 L. R. A. (N. S.) 604, 130 Am. St. Rep. 106.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.