## ROBERTSON, use &c. vs. PATTERSON.

1. A bond given in conformity with the statute (Clay's Dig. 213, § 62,) for the trial of the right of property, binds the security in the event of its condemnation for the costs of the trial, although the claim may not have been put in for delay.

Error to the Circuit Court of Tallapoosa. Tried before the Hon. John J. Woodward.

Leftwich, for the plaintiff in error.

Rice, for the defendant.

DARGAN, C. J.—This was an action of debt by the plaintiff against the defendant in error, on a bond for the trial of the right of property, executed by William D. Powell as claimant of the property and the defendant as his security. The condition of the bond is, that if said Powell should have said property forthcoming should the same be found liable to the

execution, and pay all such costs and damages as should be recovered for putting in said claim for delay, then the said bond to be void, otherwise to remain in full force and effect. The declaration avers that the trial of the right of property was had and the property found liable to the execution, and that the plaintiff in execution recovered against the claimant one hundred and eighteen dollars and eighty-eight cents as cost in that behalf expended, which neither the said Powell nor said defendant has paid. To this declaration there was a demurrer, and the demurrer was sustained. The bond conforms strictly to the statute of 1828, (Clay's Dig. 213,) and we think it very clear that it binds the security for the payment of the cost of the trial of the right of property, if it be found liable to the execution, although the claim be not put in for delay. This being the proper construction of the bond, an averment showing the the trial of the right of property and a judgment for cost in favor of the plaintiff in execution against the claimant, which has not been paid, shows a breach of the condition.

Let the judgment be reversed and the cause remanded.

CHILTON, J., not sitting.