# McElrath *v.* Whetstone.

*Action on Statutory Claim Bond.*

1. *Claim bond; condition as to payment of costs.*—A statutory claim bond, being conditioned that the obligors "shall have the property forthcoming for the satisfaction of the judgment, if it be found liable therefor, and pay such costs and damages as may be recovered for putting in said claim for delay" (Code, § 3004), binds them for the payment of the costs, if a judgment of condemnation is rendered, although the judgment does not ascertain that the claim was put in for delay.

2. *Demurrer to complaint assigning good and bad breaches.*—In an action on a penal bond, assigning several breaches, one of which is well assigned, a demurrer will not lie to the entire complaint.

[McElrath v. Whetstone.]

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. JAS. R. DOWDELL.

This action was brought by J. A. McElrath, against J. L. Whetstone and others; was founded on a statutory claim bond executed by the defendants, payable to the plaintiff, and was commenced on the 28th February, 1889. The condition of the bond is set out in the opinion of this court. The court below sustained a demurrer to the complaint, and its judgment is here assigned as error.

WATTS & SON, for appellant, cited *Robertson v. Patterson*, 17 Ala. 408; *Townsend v. Brooks*, 76 Ala. 308; *Langworthy v. Goodall*, 76 Ala. 325; *Roberts v. Burgess*, 85 Ala. 192; *Pryor v. Beck*, 21 Ala. 393; *Griel v. Lomax*, 86 Ala. 132; *Tabler v. Sheffield Land Co.*, 79 Ala. 377.

F. L. SMITH, *contra*, cited *Copeland v. Cunningham*, 63 Ala. 394.

CLOPTON, J.—This action is brought by appellant on a bond given by defendants for the trial of the right to property levied on under an attachment against W. G. Whetstone, and claimed by J. R. Whetstone, one of the obligors. The condition of the bond is, "If the said J. L. Whetstone shall have the said property above described forthcoming for the satisfaction of the judgment, if it be found liable therefor, and pay such costs and damages as may be recovered for putting in said claim for delay, then this obligation to be void, otherwise to remain in full force and effect." The complaint avers, that on the trial of the right of property, judgment was rendered in favor of plaintiff in attachment, condemning the property to the satisfaction of his claim, and also against the claimant for the costs of the claim suit. It further avers that, within thirty days thereafter, the claimant delivered the property to the sheriff, but has failed to pay the costs of the claim suit.

One of the assigned causes of demurrer is, that the complaint, failing to show that costs were assessed against the claimant for interposing the claim for delay, does not show a breach of the bond. This precise question was expressly decided in *Robertson v. Patterson*, 17 Ala. 407. In that case, the condition of the bond, which was given by the claimant for the trial of the right of personal property levied on under an execution, is the same as that of the bond

VOL. LXXXIX.

[McKinnon v. Lessley.]

on which the present suit is founded. It was said: "We think it very clear that it binds the security for the payment of the costs of the trial of the right of property, if it be found liable to the execution, although the claim be not put in for delay. This being the proper construction of the bond, an averment showing a trial of the right of property, and a judgment for costs in favor of plaintiff in execution against the claimant, which has not been paid, shows a breach of the condition." The fact that the property, in this case, was levied on under an attachment, makes no difference as to the construction of the bond; for by the statute, when a claim is interposed to personal property on which an attachment has been levied, affidavit must be made, and bond executed, as required when property is levied on under execution.—Code, § 3012.

It may be conceded that the breaches relating to the particular damages claimed, other than the costs, are not well assigned, as the statute requires that, "if it be shown on the trial that the claim was interposed for delay, they [the jury] must also assess such damages as the plaintiff may be entitled to, not less than ten per centum on the execution." § 3007. But the demurrer, based on these grounds, goes to the entire complaint. In a suit on a bond, in which several breaches are assigned, some of which are good, a demurrer to the whole complaint will not lie.—*Flournoy v. Lyon*, 70 Ala. 308. As we have seen, the breach as to the non-payment of the costs is well assigned. The demurrer should have been overruled.

Reversed and remanded.