# Gramling-Spaulding Co. *et al. v.* Parker.

## Damages for Wrongful Attachment.

(Decided Nov. 28, 1911. 57 South. 54.)

1. *Attachment; Wrongful; Damages.*—Vindictive or exemplary damages are not recoverable against a plaintiff in attachment if he acted in good faith in procuring the attachment, under advice of his attorneys who was present at the time the attachment was made.

2. *Same; Injury to Defendant.*—Where the action was by a retail merchant against a wholesale merchant for wrongfully attaching land not connected with the plaintiff's business, it was not com-

[Gramling-Spaulding Co. et al. v. Parker.]

petent to permit the jury to consider whether the suing out and levying of the attachment resulted in loss of customers to the plaintiff.

3. *Same; Right to Recover.*—A retail merchant may recover damages sustained to his credit by a wrongful attachment although it was levied upon land not connected with his business.

4. *Same; Damages.*—A plaintiff can derive no right to recover for consequences not legally entering into his damages, although stated in his complaint; hence, in an action for wrongful attachment a plaintiff cannot recover on the theory of loss of customers, where no loss could have been sustained because the attachment was levied against land not connected with his business, although loss of customers was pleaded.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by F. L. Parker against the Gramling-Spaulding Company, and others, for damages for the wrongful suing out of an attachment, and the levy upon or sale of certain lands. Judgment for plaintiff in the sum of $465.00, and defendants appeal. Reversed and remanded.

LACKEY & BRIDGES, and S. J. DARBY, for appellant. Evidence of collateral facts which shed no light on the issues should not be received.—1 Gr. Ev. (14 ed.) No. 52; *Jefferson County Saving Bank et al. v. Ebern,* 84 Ala. 529. Damages to be recovered must be the natural and proximate result of the wrongful suing out of the attachment and not be accidental, contingent, or speculative consequence thereof.—*Jackson v. Smith,* 75 Ala. 97; *Adams v. Thornton & Wellborn,* 82 Ala. 260. It is not competent for a witness to give his opinion as to the effect upon his business, of the issuance and levy of an attachment upon his goods.—*Darnell v. Jones, et al.,* 13 Ala. 490; *Goldsmith Forcheimer & Co. v. Picar,* 27 Ala. 142. To authorize punitive damages the attachment must have been maliciously sued out.— *City Nat'l Bank v. Jeffries,* 73 Ala. 183; Code, No. 2966. If a creditor living in another state entrusts a

claim against his debtor to a reputable attorney in this state for collection; and that attorney informs him that there exists a ground for suing out an attachment, and he thereupon orders the attachment issued and furnishes resident sureties to make the bond, in the absence of other knowledge or information, vexatiousness or malice cannot be imputed to the creditor; and he and his sureties on the attachment bond are not liable to exemplary or vindictive damages.—*City National Bank v. Jeffries,* 73 Ala. 183.

FELIX L. SMITH, and J. M. CHILTON, for appellant. The court is not in error in permitting the plaintiff to show that the levy of the attachment resulted in loss of customers as well as credit.—*Dothard v. Sneed,* 69 Ala. 135; *Metcalf v. Young,* 43 Ala. 643. Besides, no grounds of objections were stated and the objections were not made until after the questions had been answered.—*Hudson v. The State,* 137 Ala. 67; *Travis v. The State,* 138 Ala. 18. The question of punitive damages was one for the jury.—*Schloss v. Rovelsky,* 107 Ala. 596. The facts postulated in most of the charges do not warrant the advisability of suing out an attachment.—*Durr v. Jackson,* 59 Ala. 203. Whether or not the facts showed probable cause, was one exclusively for the jury.—Authorities supra. A corporation may be made liable for punitive damages.—*Jefferson Bank v. Eborn,* 84 Ala. 529.

DE GRAFFENRIED, J.—The appellant is a wholesale shoe merchant residing at Atlanta, Ga., and appellee is a retail merchant who resides in Coosa county, Ala.

The appellee became indebted to appellant for shoes sold him, and, being unable to pay the account,

the appellant placed it in the hands of an attorney in Coosa county for collection. The attorney wrote appellee, demanding payment of the account, but heard nothing from him.

It appears from the undisputed evidence that appellee was a man of small means, and that his assets consisted principally of a stock of goods worth, according to his testimony, from $1,000 to $1,500, and a tract of land, consisting of 280 acres, which appears to have been sold by appellant under a venditioni exponas, and which brought at the sale $105.

It further appears from the undisputed evidence that the appellee was, prior to the time when the claim was placed in the hands of an attorney, and up to the time the attachment was sued out, pressed for money. He was writing to his creditors that times were hard with him, and asking for indulgence.

It further appears from the undisputed evidence that after the attorney received the claim for collection he received information that appellee was attempting to dispose of his land, and thereupon he prepared an affidavit, stating that appellee was about to fraudulently dispose of his property; that appellee was indebted to appellant in the sum of $366.44; and that the attachment was not sued out for the purpose of vexing or harassing the appellee, or for any other improper motive, and forwarded it, along with the customary attachment bond, to his correspondent in Atlanta for the signature of appellant, and stated, at the time he sent the papers, "that Parker was trying to sell his real estate; that the real estate was the only property out of which the indebtedness could be realized; and that the attachment was necessary and proper." Thereupon appellant made the affidavit, which had been so prepared and forwarded, before a notary public in Ful-

ton county, Ga., executed the bond, and returned the papers to the attorney in Coosa county. The attorney filed the papers with the circuit clerk, and a writ of attachment was thereupon issued and placed in the hands of the sheriff. The *lands* of appellant were levied upon, and, after a judgment was rendered in favor of appellant against appellee for the amount of its indebtedness, the lands were sold by the sheriff, for the satisfaction of the judgment, under the orders of the court in which the judgment was rendered.

It appears that appellant did not send its claim against appellee direct to the attorney in Coosa county, but delivered it to a collection agency or some attorney in Atlanta, who forwarded it in the usual course of business, for collection, to the attorney in Coosa county; but this fact has no bearing upon any question involved in this case.

This suit was brought by appellee against appellant for damages, both actual and vindictive, for the breach of said attachment bond. A judgment was rendered in favor of the appellee against appellant in the court below, and this appeal is prosecuted to reverse that judgment.

1. The law requires a party who desires to engage in the practice of law to undergo special training, and to be examined by certain specified officers, before he is permitted to engage in the practice of the profession, and he cannot then do so until he receives a license from certain designated courts. A lawyer is an officer of the courts, and as such is under oath to perform his duties in the manner required of him by the law. It would be difficult for justice to be administered through the courts without the aid of such officers, and as they are presumed to be learned in their professions, and are permitted by the law to hold themselves out to

the public as reasonably qualified to meet the requirements of the courts in their efforts to orderly and properly administer the law, it is necessary that the citizens shall be protected, as far as justice will permit, when he is innocently led into error by the mistake of his counsel. For this reason, it is the general rule that, in an action for malicious prosecution, the defendant makes out the defense of probable cause when he shows that he submitted all the facts within his knowledge, or which by the exercise of reasonable diligence, he could have ascertained, relating to the matter, to a disinterested lawyer in good standing, and acted in good faith under the advice of such counsel and in accordance therewith. 26 Cyc. 34.

For the same reason, "if a claim in a distant locality be intrusted to a reputable attorney for collection, and that attorney informs his client that there is ground for suing out an attachment, and the creditor thereupon, at the attorney's request, furnishes sureties to him to make bond, in the absence of other knowledge or information, vexatiousness or malice cannot be imputed to the creditor, and he is not responsible for exemplary or vindictive damages. In the absence of an actual ground for the issue of the attachment, the creditor would be liable for the actual damage done, but he would not be without probable cause for believing he had grounds for suing out the attachment, and therefore would not be liable for vindictive damages."—*City National Bank v. Jeffries*, 73 Ala. 183.

It is evident from all the evidence in this case that this attachment was sued out because the attorney of appellant in Coosa county, who was on the ground and, presumptively, knew the law of the state of Alabama, advised appellant that the attachment "was necessary

and proper." Appellant according to the record, knew nothing of appellee, except what it had gathered of him through his letters; and it is also evident from the record that when the claim was placed in the hands of its attorney in Coosa county it was so placed because appellee had neither paid nor secured the indebtedness, and that it was so placed in the hands of said attorney in the usual course of business. No agent of appellant gave this attorney any information with reference to the conduct of appellee, and it is evident that in signing the affidavit and executing the bond in the attachment proceedings appellant, a nonresident, having the right to rely upon the good faith, integrity, and legal knowledge of its counsel, did so solely on the faith of his advice. The fact that appellant received this information, not direct from the attorney, but through his correspondent in Atlanta, can make no difference. It signed the papers sent to it for its signature by the attorney in Coosa county, because that attorney advised that it was necessary and proper for such papers to be signed and forwarded to him. It had the right to presume that one learned in the law, and who was on the ground, had in his possession sufficient evidence to justify him in advising that the attachment was necessary and proper, and there is no tendency in the evidence authorizing a contrary conclusion.

2. In the present case, the levy was not made upon the stock of merchandise or any of the personal property of appellee, and there was therefore no interruption, by reason of such levy, of his business as a merchant. The attachment was only levied upon land. For this reason, we are unable to see how appellee, under any phase of the testimony, was entitled to any damages which it is claimed were suffered by him by reason of his loss of customers on account of the issuance of the attachment.

As we have above stated, his goods and accounts were not disturbed, and it appears from the evidence that his mercantile business was continued by him up to the time of the trial. Damages for loss of customers cannot be legally traced to the mere suing out of an attachment and its levy upon land. In all cases in which suits were brought upon attachment bonds, and in which damages have been allowed for loss of customers in a mercantile business, there has been, by reason of the levy of the attachment, some active interference with the mercantile business of the defendant in attachment itself; and we can find no case in which damages for loss of custom have been allowed where there was no levy of the attachment, or merely a levy upon real estate.

It is true that the complaint alleges, as one of the elements of damage to appellee, the consequent loss to him of customers in his business; but that does not aid appellee in the matter. A plaintiff can derive no right to recover for consequences which cannot legally enter into his damages, although they are stated in the complaint.—*Goldsmith, Forcheimer & Co. v. Picard,* 27 Ala. 149.

It seems to us that where there is no levy of an attachment upon the merchandise of a merchant, or any other sort of interference with his business as a merchant, it would be the broadest sort of speculation for a court to undertake to determine whether such merchant had lost customers on account of the issuance of such attachment.

3. If it be true, as claimed in the complaint, that appellant suffered damage to his credit by the wrongful suing out of the attachment, he is entitled to recover such damage, although the levy of the attachment was only upon land. The credit of a merchant, his stand-

ing in the mercantile world—in short, his reputation for honesty, promptness, and all those qualities which render his business desirable to other merchants—is a valuable asset, and when that credit is injured or destroyed by the wrongful suing out of an attachment this constitutes an element of actual damages, for which a recovery may be had on the attachment bond, whether there is a levy or not.—*Flourney & Epping v. Lyon & Co.*, 70 Ala. 308.

The court on the trial of this case permitted the jury to consider, in passing upon appellee's damages, the subject of vindictive damages, and also the question as to whether the suing out of the attachment had resulted in loss of customers to appellee, and, in our opinion, the court erred in so doing.

For the error pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.